```
            IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF ARKANSAS
                     TEXARKANA DIVISION

RALIEGH PROMISE                                      PLAINTIFF

         v.            Civil No. 06-4002

LINDA S. McMAHON, Commissioner
Social Security Administration                       DEFENDANT
```

## MEMORANDUM OPINION

Plaintiff Raliegh Promise brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner). Both parties have filed appeal briefs and the matter is now ripe for review. The Court, being well and sufficiently advised, finds and orders as follows with respect thereto:

### BACKGROUND

1. In December of 2002 and January of 2003, plaintiff, age 47 at the time, filed applications for disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (the Act). Plaintiff alleged that he became disabled on September 14, 2002, due to hand, leg, back and knee injuries he sustained in a motorcycle accident. (Tr. 3, 51-53.)

2. An administrative hearing was conducted on December 10, 2003 (Tr. 145-62). On April 5, 2004, the ALJ issued a written opinion (Tr. 15-26) finding:

    \*   that plaintiff was entitled to a closed period of disability benefits from September 14, 2002, to September 15, 2003 (Tr. 23-25);

    \*   that as of September 15, 2003, plaintiff's medical impairments had improved and, while he could not perform his past relevant work as a roofer, he could perform the "demands of sedentary work reduced by a limited ability to push/pull with the lower extremities and an inability to perform more than occasional climbing, kneeling, crouching, squatting, or stooping" (Tr. 25);

    \*   that plaintiff had a "**limited education**" (emphasis added) and no transferrable skills (Tr. 25); and

    \*   that, "[b]ased on an exertional capacity for sedentary work, and the [plaintiff's] age, education, and work experience, a finding of 'not disabled' [was] directed by Medical-Vocational Rule 201.19 and 201.20 for the period subsequent to September 15, 2003."  (Tr. 25.)

    3.   Plaintiff appealed the ALJ's decision to the Appeals Council.  Plaintiff's request for review of the hearing decision by the Appeals Council was denied on December 16, 2005.  (Tr. 4-7.)  When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner.  Plaintiff now seeks judicial review of that decision.

**APPLICABLE LAW**

4. Our review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). The court's role is to determine whether the Commissioner's decision is supported by substantial evidence in the record as a whole. *Siemers v. Shalala*, 47 F.3d 299, 301 (8th Cir. 1995). Substantial evidence means more than a mere scintilla of evidence, it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Oberst v. Shalala*, 2 F.3d 249, 250 (8th Cir. 1993). In deciding whether the Commissioner's findings are supported by substantial evidence, the Court must consider the evidence that supports the Commissioner's decision, along with evidence that detracts from it. *Siemers,* 47 F.3d at 301; *Barrett v. Shalala*, 38 F.3d 1019, 1022 (8th Cir. 1994).

5. It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *See Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are

demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c).

6.   The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits:

(1)  whether the claimant has engaged in substantial gainful activity since filing his claim;

(2)  whether the claimant has a severe physical and/or mental impairment or combination of impairments;

(3)  whether the impairment(s) meet or equal an impairment in the listings;

(4)  whether the impairment(s) prevent the claimant from doing past relevant work; and

(5)  whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920.

**DISCUSSION**

7.   The ALJ relied on the Medical-Vocational Guidelines found in 20 C.F.R. Part 404, Subpart P, Appendix 2, in concluding that plaintiff was not disabled subsequent to September 15, 2003. An ALJ may use the guidelines to find that a claimant is not disabled if the claimant does not have nonexertional impairments, or the nonexertional impairment does not diminish the claimant's residual functional capacity to perform the full range of

activities listed in the guidelines. *See Holz v. Apfel*, 191 F.3d 945, 947 (8th Cir. 1999). If nonexertional impairments significantly affect the claimant's residual functional capacity, however, the guidelines are not controlling and may not be used to direct a conclusion of not disabled. *Id.* "'Adequate training and intellectual capacity are presumed in the [g]uidelines, and evidence that militates against those presumptions makes the [g]uidelines inapplicable.'" *Id.*, quoting *Simons v. Sullivan*, 915 F.2d 1223, 1225 (8th Cir. 1990).

8. In his disability report and supplemental interview outline, plaintiff stated that he could not read or write and that his sister completed the forms for him. (Tr. 67, 81.) Plaintiff indicated on the forms that he had completed the eleventh grade, but at the hearing before the ALJ, plaintiff clarified that he actually only completed the seventh grade. When the ALJ asked how he "manage[d] to get through six[] grades of school and not learn how to read," plaintiff responded, "I don't know. Just pushed me through, I guess." (Tr. 150.) Plaintiff explained that he "tried" but just "never learned" how to read. (Tr. 151.) Plaintiff testified that he has never had a job that required him to read or write and that he does not know how to use a phone book or a television guide. (Tr. 150.)

9. The ALJ found that plaintiff had a "limited education." Under the regulations, a limited education is generally considered

to be a "7th grade through the 11th grade level of formal education." 20 C.F.R. § 404.1564(b)(3). The Medical-Vocational Guidelines relied upon by the ALJ, specifically Rules 201.19 and 201.20, state that an individual of plaintiff's age, with a limited education, and capable of performing sedentary work is not disabled. However, if an individual in this category is illiterate, as compared to having a limited education, he is considered disabled. *See* Rule 201.17.

    10. The ALJ's finding that plaintiff has a limited education is not supported by substantial evidence. While plaintiff completed the 7th grade, he testified that he was "[j]ust pushed ... through" and never learned how to read or write. The ALJ did not address whether or not plaintiff is actually literate.

    An administrative hearing is not an adversarial proceeding and an ALJ has a duty to fully and fairly develop the record, even though a claimant is represented by counsel. *See Wilcutts v. Apfel*, 143 F.3d 1134, 1137-38 (8th Cir. 1998). "[T]he goals of the Secretary and the advocates should be the same: that deserving claimants who apply for benefits receive justice." *Battles v. Shalala*, 36 F.3d 43, 44 (8th Cir. 1994).

    11. The Court believes remand is necessary to allow the ALJ to develop the record on the issue of plaintiff's literacy. The following tests are designed to measure an individual's ability to, among other things, read and write:

    *    the Wechsler Individual Achievement Test (WIAT);

    *    the Wide Range Achievement Test 3 (WRAT3); and

    *    the Woodcock-Johnson Psychoeducational Battery-Revised: Tests of Achievement (WJ-R ACH).  *See Wilcutts*, 143 F.3d at 1138. (remanding case for testing to determine claimant's literacy).

If the ALJ finds that plaintiff is illiterate, he should then consider whether the guidelines, to the extent they are instructive, direct a finding of disability.  *See* 20 C.F.R. Pt. 404, Subpt. P. App. 2 § 201.00(h)(1) (a finding of disability is warranted for individuals age 45-49 who are restricted to sedentary work, are unskilled or have no transferable skills, can no longer perform past relevant work, and are unable to read or write); *Holz*, 191 F.3d at 947-48 (remanding case for further proceedings to determine effect of claimant's borderline intellectual functioning; instructing ALJ, on remand, to consider whether guidelines directed a finding of disability for claimant, who was 47 to 49 years of age during relevant time period, could not perform his past relevant work, had no transferrable skills, and was limited to sedentary work).

If the ALJ finds that plaintiff is not illiterate but has limitations in his ability to read or write, the ALJ should consult a vocational expert to determine if work exists in significant numbers in the national economy given these

limitations, plaintiff's age, non-transferrable skills, and restriction to sedentary work.

**CONCLUSION**

12.  Based on the foregoing, this case is hereby remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED this 5th day of March 2007.


                                        /S/JIMM LARRY HENDREN
                                        JIMM LARRY HENDREN
                                        UNITED STATES DISTRICT JUDGE